UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Richard E. Clark,** | : | |
| Plaintiff | : | Case No:  C-1-01-846 |
| v. | : | Judge Spiegel |
| **Correctional Medical Services (CMS), et al.** | : | |
| | : | |
| Defendants. | | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF
CORRECTIONAL MEDICAL SERVICES AND
HELEN KOHN, M.D. FOR SUMMARY JUDGMENT**

At the outset, the defense does not object to placing this matter on hold until the close of discovery, or November 1, 2003.  This motion was filed at this time because there had been no request by the plaintiff's to take any depositions of defendants and because the Court has set this matter for mediation for October 29th.  In order for the mediation process to proceed as it is intended, It would be preferable to have this motion decided prior to the mediation date.  An alternative would be a change in the mediation date to more closely mirror the discovery cut-off and decision on dispositive motions.

Plaintiff, through counsel, draws many conclusions based solely on copies of medical records, which conclusions are generally no more than an inference upon an inference.  A review of the Exhibits is necessary.

In Exhibit A, plaintiff states that Dr. Kohn was aware that Inmate Harris had a history of violent behavior.  However, it is impossible to connect history, without more, to the risk of injury to another inmate.  To do so would be to stack inference upon inference which is

1

impermissible. That very same form focuses, properly, on Harris' suicidal ideations and prior attempts. He denies any homicidal thoughts. The goal was to stabilize him on his mediations. Exhibit B-1, on the other hand, plaintiff's classification form, indicates that he is to placed in "psych" because he is a suicide risk. The next box on the form, number 5, and box 8, both deal with assaultive behavior, and neither box is checked. Lastly, that form indicates that the need to be in Psych is for a suicide watch (s/w on the form) as seen in Part 3, Exhibit B-2. Indeed, Exhibit C, the disposition form, indicates that he is to be housed in Psych, but that he can overflow to general population at the Justice Center (but not Queensgate).

Exhibit E,[1] the Mental Status Exam, does not give any indication that Harris can or will be violent to any other inmate. Rather, it too focuses on his suicidal ideations (loss of son). Exhibit F, while the note in question does mention death threats to individuals at SAMI, is not Dr. Kohn's note and the conclusion that she ordered Harris released from psych is without foundation. In fact, the records contain no order of Dr. Kohn, or anyone else from CMS, to release Harris to general population.

The various kites attached as exhibits G-J, contain statements from Harris which make no mention of any violent tendencies or give any indication that he is going to hurt anyone. Plaintiff also jumps to the conclusion that the fact Harris hasn't taken any medication "since July" means he is going to exhibit violent behavior, even though plaintiff presents no evidence that the medications he was taking were designed to prevent the behavior ultimately exhibited by Harris.

---

[1] Plaintiff cites it as Exhibit D in his brief, though no exhibit D is contained in the package of exhibits provided to the undersigned.

Plaintiff then seems to indicate that Dr. Kohn or CMS were, in some way, responsible for not complying with a court order for plaintiff to receive psychiatric treatment at the Pauline Warfield Lewis Center. There is no evidence that either Dr. Kohn or CMS were aware of the order, or that they were in any way responsible for Harris' not being sent for that treatment. Further, Exhibits L and M do not indicate when Harris is to be sent for treatment.

Exhibit N also fails to make any mention that Harris is a threat to any other inmate. Plaintiff was already in general population and hence, no order was required to return him there.

Most importantly, for purposes of this motion, is the fact that there is no evidence that anyone in medical was ever informed of Harris' first assault against Clark. Clark alleges that he reported the "assault" to the officer on duty, but provides no evidence that news of this incident went any further. In fact, as cited in the original motion, when Harris allegedly slapped Plaintiff, the correctional officer placed both inmates in lock-down for a period of two hours. (See Deposition of Richard E. Clark, pp. 21-22). Plaintiff did not seek any medical attention as a result of the incident, therefore Defendants had no knowledge of the first assault. **Id.** During the interim between the first and second assault, Mr. Harris did not verbally or physically threaten Plaintiff in any manner. **Id.** at 23-34. In fact, he even apologized to plaintiff on three for four occasions on one day. **Id**. at 23. Therefore, there was no reason to believe that CMS, Dr. Kohn, or any other prison official knew or believed that Mr. Harris was a threat to plaintiff herein.

The relevant law will not be reiterated in this brief and the Court is respectfully

referred to the original motion. However, as pointed out therein, in **Farmer v. Brennan** (1994), 511 U.S. 825, the test used to determine whether prison officials are liable under these circumstances is that the inmate must show "...that he is incarcerated under conditions posing a substantial risk of serious harm." **Id. at 834.** Further, the Court adopted a subjective test for deliberate indifference holding that:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

**Id. at 837.**

There is no **permissible** evidence before this Court that any employee of CMS, including Dr. Kohn, was aware of facts sufficient to allow them to draw the conclusion that Harris was posing a serious risk to anyone, plaintiff included. Certainly, they did not "draw that inference." Plaintiff is asking this court to draw inferences, necessarily stacked upon other inferences, to reach the conclusion necessary to show liability under §1983. Plaintiff has not demonstrated any facts upon which this Court could conclude, for purposes of this motion, that defendants were aware of any risk, substantial or otherwise, to any inmate or class of inmates. The Court is referred to the numerous cases cited in the original motion similar to this case where the Courts have held that no liability lies against prison officials under circumstances similar, if not identical, to the case at bar. This motion must be granted.

Plaintiff goes on in his brief, to argue issues not presently before the Court by way of this motion. Whether CMS can be held vicariously liable for the acts of its employees

under §1983, is an issue which can, and will, be raised at the appropriate time and argument on those issues is reserved until then.

**CONCLUSION**

Reasonable minds can come to but one conclusion, adverse to the plaintiff herein, and the defendants are entitled to summary judgment as a matter of law. As indicated in the beginning, the defendants do not object to plaintiff's motion to continue this motion until after he has completed his discovery, but only if the proposed mediation is also postponed until after that date, and the Court first has the opportunity to rule on this motion.

Respectfully submitted,

_____
/s/ Vincent J. Lodico, Esq.
Crabbe, Brown & James
500 South Front Street, Suite 1200
Columbus, OH 43215
Phone:   614/229-4536
Fax:     614/229-4559
E-mail:  VLodico@cbjlawyers.com
*Attorney for Defendants Correctional Medical Services and Helen Kohn, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply Memorandum was electronically filed. Court records indicate that all parties hereto are registered to receive notice of filing electronically and therefore, no party is being served otherwise, those parties having access to this filing through the Court's electronic filing system. This 1st day of October, 2003.

/s/ Vincent J. Lodico